**No. 15-5051**

**September Term, 2016**

**1:14-cv-00269-CKK**

**Filed On:** December 20, 2016

National Association of Criminal Defense
Lawyers,

       Appellant

     v.

United States Department of Justice Executive
Office for United States Attorneys and United
States Department of Justice,

       Appellees

**BEFORE:** Srinivasan, Circuit Judge; Edwards and Sentelle, Senior Circuit
Judges

## O R D E R

Upon consideration of the appellant's petition for panel rehearing filed September 1, 2016, it is

**ORDERED** that the petition be denied. It is

**FURTHER ORDERED** that the opinion filed July 19, 2016, be amended as follows:

Slip Op., Page 2 of the majority opinion, lines 7-8, delete "reach the same conclusion", and insert in lieu thereof, "likewise conclude that the Blue Book consists of exempt attorney work product, but we remand to the district court for an assessment of whether the Blue Book also contains non-exempt policy statements amenable to reasonable segregation from the privileged work product.";

Slip Op., Page 4 of the majority opinion, last paragraph, line 1, delete the word "find", and insert in lieu thereof the word "conclude";

Slip Op., Page 4, last paragraph, lines 1-2, and Page 5 lines 1-3, delete "falls within the attorney work product privilege and therefore" and insert in lieu thereof, "consists of attorney work product which", and delete "As a result, we, like the district court, have no need to address the applicability of Exemption 7(E).";

Slip Op., Page 8 of the majority opinion, second paragraph, line 8, "qualifies for the" and insert in lieu thereof, "consists of protected attorney", and delete the word "privilege".

Slip Op., Page 15 of the majority opinion, line 3, delete "falls within" and insert in lieu thereof "qualifies for";

Slip Op., Page 18 of the majority opinion, first full paragraph, delete "having reviewed the Blue Book in camera, we find that its strategic advice–which is unquestionably work product–is integrated in the document to the extent that the Book is not amendable to reasonable segregation of any non-exempt material", and insert in lieu thereof, "the government acknowledges that it has already publicized its general policy statements about federal prosecutors' discovery obligations.  In its response to the petition for rehearing filed after we issued our original (and hereby superseded) opinion in this case, the government emphasized that the Department of Justice, "*has* made public the agency policy governing federal prosecutors' discovery obligation," and provided website links to pertinent sections of the United States Attorneys' Manual and three memoranda issued by the Deputy Attorney General addressing the topic.     Gov't Resp. to Pet. For Reh'g 11-12.   The government's submissions in this case also confirm that the Blue Book contains a discussion of those policy statements.  *See* Gov't Br. 46, 61-62.  One of the government's declarations, for instance, notes that Chapter 1 of the Blue Book is entitled, "Department of Justice Policy, Positions, and Guidance."  J.A. 103.

In light of the government's submission, we think it appropriate to assess whether the Blue Book contains non-exempt statement of policy that are reasonably segregable for the protected attorney work product and therefore should be disclosed.  Because the district court did not consider whether the Blue Book contains reasonably segregable statements of the government's discovery policy, we remand for the court to conduct that analysis in the first instance.  Such an analysis, we have explained, does not call for parsing the Blue Book "line-by-line" or segregating material "dispersed throughout the document."  *Mead Data*, 566 F.2d at 261.  Instead, the emphasis is on segregation of non-exempt material found in "logically divisible sections."  *Id*. at 261 n.54.  If the district court concludes that the Blue Book contains non-exempt and reasonably segregable statements of the government's discovery policy, the court could then consider whether Exemption 7(E) of FOIA would protect any of that material from disclosure.  The district court to this point has had no occasion to examine the government's argument that Exemption 7(E) shields the Blue Book from disclosure."; and

Slip Op., Page 18 of the majority opinion, last paragraph, line 2, insert "in part and remand for an assessment of whether the Blue Book contains non-exempt and reasonably segregable statements of discovery policy."

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
       Ken Meadows
       Deputy Clerk